Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ELIZABETH MANUEL,                               :
                          Plaintiff,            :
v.                                              :
                                                :     **OPINION AND ORDER**
                                                :
THE STATE OF NEW YORK, C.O. KENNETH             :     18 CV 11820 (VB)
MAINE, and C.O. ANTHONY LORENZO,                :
                          Defendants.           :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Elizabeth Manuel, proceeding pro se and in forma pauperis, brings this action

against the State of New York (the "State") and Correction Officers ("C.O.") Kenneth Maine and

Anthony Lorenzo, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. §§ 12101 et seq.[1]

Now pending is defendants' unopposed motion to dismiss pursuant to Rules 12(b)(1) and

12(b)(6).  (Doc. #15).

For the following reasons, the motion is GRANTED.  However, plaintiff is granted leave

to file an amended complaint, as specified below.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on a motion to dismiss, the Court accepts as true all well-

pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as

summarized below.

---

[1]      Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the New York State
Attorney General ("AG") identified defendants C.O. John Doe (Parking Lot) and C.O. John Doe
(Watchtower) as Kenneth Maine and Anthony Lorenzo, respectively.  (See Doc. #8).

Plaintiff alleges that on September 20, 2018, she drove to Sing Sing Correctional Facility ("Sing Sing") to visit her husband, who was incarcerated at the facility. Plaintiff claims that upon arrival, she drove to the area where "typically there should be handicapped parking spots," (Doc. #2 ("Compl.") at ECF 4),[2] but did not see any available spots. Plaintiff alleges she saw a different area with available handicapped spaces, but before she could park there, C.O. Maine told plaintiff the available space was reserved for handicapped employees.

According to plaintiff, she requested she be allowed to park there because she would otherwise be "100 steps" from the entrance. (Compl. at ECF 4). She claims she told C.O. Maine she was handicapped and showed him her handicapped parking permit. Plaintiff alleges C.O. Maine responded, "[t]hat was not my problem," and instructed her to "drive up the hill and walk down" a set of stairs to the prison. (Id.) Plaintiff alleges she parked her car at the top of the hill, got two bags of food from her car, and attempted to walk down the stairs to the facility.

Plaintiff alleges there was no ramp along the stairway. She claims that as she descended the stairs, her legs became numb, and she screamed towards C.O. Lorenzo, who was in the watchtower, that her "legs were numb and [she] needed assistance to walk down the stairs." (Compl. at ECF 4). She alleges C.O. Lorenzo told her that he did not care and to continue walking down the stairs. Plaintiff alleges she stood still for five minutes until C.O. Lorenzo again instructed her to "go down the stairs." (Id.) Plaintiff claims that, as she continued down the stairs toward the facility, she fell and landed on her rear-end. She alleges a Sing Sing nurse examined her and instructed her to sit for half an hour.

---

[2]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Plaintiff alleges she then visited her husband, but shortened her visit due to back pain. Plaintiff further alleges she visited St. John's Riverside Hospital in Yonkers, New York, and was admitted for five days.  Plaintiff alleges that an exam revealed she sustained a spinal injury that required surgery.

## DISCUSSION

I.  Standard of Review

A.  Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).[3]  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011).  The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists.  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143.  "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).  When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the

---

[3]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678

(2d Cir. 1990).

      B.    Rule 12(b)(6)

      In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

      To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of

"plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

      The Court must liberally construe the submissions of pro se litigants and interpret them

"to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam).  "Even in a pro se case, however, . . . threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Monetary Damages Under Title II of the ADA

Defendants argue the Court lacks jurisdiction over plaintiff's ADA claim because the Eleventh Amendment grants the State immunity from claims under Title II of the ADA.

The Court agrees insofar as plaintiff seeks monetary damages.

"The Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name." Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).

A plaintiff may only bring a Title II claim for monetary damages against a state when she alleges "the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001).  Some courts in this circuit have also held that sovereign immunity under Title II may be abrogated where a plaintiff plausibly alleges the "violation of a fundamental right." See Russell v. New York, 2019 WL 4805687, at *4 (S.D.N.Y. Sept. 30, 2019) (collecting cases).[4]

Title II does not permit suit against state officials in their individual capacities.  See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d at 107.  Moreover, "[t]o the extent

---

[4]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

that a state official is sued for damages in his official capacity, such a suit is deemed to be [one] against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Ying Jing Gan v. City of New York, 996 F.2d at 529.[5]

Here, plaintiff fails to allege facts warranting abrogation of the State's immunity under the Eleventh Amendment.

Plaintiff alleges she is "under the belief that the Sing Sing Correctional Facility is not in compliance with providing reasonable accommodations under the" ADA. (Compl. at ECF 5). Liberally construed, plaintiff also alleges the State (i) failed to provide adequate handicapped parking for visitors; (ii) failed to ensure cars parking in handicapped spots possessed valid handicapped parking permits; and (iii) failed to install a ramp for handicapped access to the facility from a parking lot located on a hill.

However, the complaint contains no allegations supporting an inference that any defendant refused to provide sufficient handicapped parking, provide a handicapped ramp along the stairs, or permit her to park in an employee handicapped parking spot because of "discriminatory animus or ill will based on [her alleged] disability." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d at 112. Likewise, plaintiff's allegations do not suggest the lack of any legitimate government justification for reserving certain handicapped spots for employees, or for the State's failure to install a handicapped ramp alongside the stairs. See id. ("[E]stablishing animus . . . requires that a plaintiff disprove the existence of any legitimate government justification."). Similarly, the Court discerns no allegations suggesting the violation of a fundamental right.

---

[5]     To the extent plaintiff brings claims against C.O. Maine and Lorenzo in their individual capacities, such claims must be dismissed.

Accordingly, plaintiff's ADA claim for money damages must be dismissed.

However, the standards for Eleventh Amendment abrogation apply only to claims for money damages. See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d at 115 ("[A]ctions by private individuals for injunctive relief for state violations of Title II have not been foreclosed by today's decision.") (citing Ex parte Young, 209 U.S. 123 (1908)).

III.   Injunctive Relief Under Title II of the ADA

The Court liberally construes plaintiff's complaint to seek injunctive relief pursuant to the ADA.

Title II of the ADA prohibits the exclusion of any qualified individual with a disability from the benefits of services, programs or activities of a public entity, by reason of such disability. See 42 U.S.C. § 12132. To establish a violation under Title II, a plaintiff must plausibly allege that (i) she is a "qualified individual" with a disability; (ii) defendants are subject to the ADA; and (iii) the plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants on the basis of his or her disability. Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003). To plead that she was denied the opportunity to participate in or benefit from defendants' programs, or was otherwise discriminated against by reason of her disability, a plaintiff must allege intentional discrimination, a disparate impact, or the failure to make a reasonable accommodation. See Tsombanidis v. West Haven Fire Dept., 352 F.3d 565, 573 (2d Cir. 2003).

To assess whether a reasonable accommodation was made under the ADA, the Court "asks not whether the benefits available to persons with disabilities and to others are actually equal, but whether those with disabilities are as a practical matter able to access benefits to

which they are legally entitled." <u>Henrietta D. v. Bloomberg</u>, 331 F.3d at 273.[6] "[A]n otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers." <u>Alexander v. Choate</u>, 469 U.S. 287, 301 (1985).

The ADA does not require that a public facility provide every modification a disabled person might request; rather, the accommodation provided need only be reasonable. <u>See</u> <u>Fink v. N.Y. City Dep't of Personnel</u>, 53 F.3d 565, 567 (2d Cir. 1995); <u>Henrietta D. v. Bloomberg</u>, 331 F.3d at 272. "Although neither the ADA nor the courts have defined the precise contours of the test for reasonableness, it is clear that the determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." <u>Staron v. McDonald's Corp.</u>, 51 F.3d 353, 356 (2d Cir. 1995).

Here, plaintiff fails to state a claim for relief because the complaint fails plausibly to allege plaintiff was denied the opportunity to benefit from the State's services or programs, or that she was otherwise discriminated against by defendants on the basis of her disability.

First, plaintiff fails plausibly to allege she was denied meaningful access to Sing Sing due to the State's failure to provide adequate handicapped parking for visitors. The complaint contains no information from which the Court could infer that plaintiff's inability to find a handicapped parking spot for visitors prevented her from accessing Sing Sing. Indeed, she alleges she did visit her husband on the day of the complained-of events.

---

[6] Although Title II of the ADA refers to "reasonable modifications," courts use the terms "accommodation" and "modification" interchangeably when assessing ADA claims. <u>See</u> <u>Logan v. Matveevskii</u>, 57 F. Supp. 3d 234, 260–61 (S.D.N.Y. 2014).

Nor does the complaint contain facts alleging that the State failed to make reasonable accommodations that would have enabled her to access Sing Sing. For example, the complaint alleges no facts about the total number of handicapped parking spaces for visitors at the facility. Nor are there any allegations about the number of parking spaces generally, or what proportion of those spaces are reserved for handicapped visitors. That plaintiff was denied access to a particular parking space reserved for handicapped employees demonstrates neither that she was denied meaningful access to the facility nor to handicapped spaces that were reserved for visitors. Cf., e.g., Kornblau v. Dade Cty., 86 F.3d 193, 194–95 (11th Cir. 1996) (affirming dismissal of ADA claim based on allegation that disabled plaintiff should have been permitted to park in employee parking lot despite availability of handicapped parking in visitor lot). Moreover, "the fact that [the plaintiff] has been unable to park in a handicapped space because other handicapped parking permit holders have parked there does not give rise to an ADA claim." See Ehrlich v. Gatta, 2009 WL 3213715, at *4 (S.D.N.Y. Oct. 5, 2009) (dismissing ADA claims alleging village failed to provide sufficient handicapped parking at train station).

Second, to the extent plaintiff alleges the State fails to "ensure handicap parking spaces aren't being abused by those [without] parking permits," her allegation is conclusory. The Court cannot infer from this single sentence that handicapped parking spaces were not available when she arrived at the facility because the State lacked a policy to require handicapped parking permits or failed to enforce such a policy. Because there are no facts alleged from which the Court could infer enforcement of such a policy, if it existed, would have enabled plaintiff to visit the prison, this allegation fails to state a claim for relief.

Finally, plaintiff's allegation that there was no handicapped access ramp alongside the stairs leading to the facility from an upper-level parking lot does not sufficiently allege the State

failed to make a reasonable accommodation for disabled individuals.  Plaintiff alleges that, when

she was told she could not park in the handicapped parking lot, she was forced to park at the top

of a hill and access the facility by going down a set of stairs.  The Court can infer from the

complaint that there was a lower level parking lot, and that visitors parking in that lot would not

need to use stairs to access the facility.  Because it appears disabled individuals could have

accessed the facility without using the stairs, the alleged lack of a ramp is insufficient to allege

the State denied individuals with a disability meaningful access to Sing Sing.

Accordingly, plaintiff's claim for injunctive relief under Title II of the ADA must be

dismissed.[7]

IV.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely

give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a)

is warranted with respect to pro se litigants, who "should be afforded every reasonable

opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d

Cir. 2000).  District courts "should not dismiss [a pro se complaint] without granting leave to

---

[7]     To the extent plaintiff's complaint could be liberally construed to assert a claim for
violation of Section 504 of the Rehabilitation Act, such a claim also fails.  Section 504 provides
that no qualified individual with a disability "shall, solely by reason of her or his disability, be
excluded from the participation in, be denied the benefits of, or be subjected to discrimination
under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).
Courts treat claims under Title II of the ADA and Section 504 of the Rehabilitation Act nearly
identically.  See Henrietta D. v. Bloomberg, 331 F.3d at 272.  Unlike Title II, the Rehabilitation
Act requires plaintiffs to allege that defendants accepted federal funds.  See generally Russell v.
New York, 2019 WL 4805687, at *6 (discussing distinctions).  However, because plaintiff fails
plausibly to allege an ADA claim, she also fails to allege a violation of the Rehabilitation Act.
Moreover, plaintiff does not name as defendants, nor does she bring claims against, the
Department of Corrections and Community Supervision ("DOCCS") as operators of Sing Sing.

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v.

City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178,

182 (1962)). This is true even when plaintiff is proceeding pro se. See Terry v. Inc. Vill. of

Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). An amendment to a pleading is futile if the Court

would lack subject matter jurisdiction over the proposed claim, see Mortimer Off Shore Servs.,

Ltd. v. Fed. Republic of Germany, 615 F.3d 97, 99 (2d Cir. 2010), or "if the proposed claim

could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus.

Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Here, leave to amend is futile with respect to plaintiff's ADA claims for **monetary**

**damages** because such claims are barred by the Eleventh Amendment.

Nevertheless, a liberal reading of plaintiff's allegations indicate that she may be able to

plausibly allege a claim for injunctive relief against DOCCS or the State under Title II of the

ADA or Section 504 of the Rehabilitation Act. Because plaintiff has not previously amended her

complaint, the Court grants plaintiff leave to file an amended complaint and replead her claims

under Title II of the ADA or to plead claims under Section 504 of the Rehabilitation Act **to the**

**extent she can do so clearly, concisely, truthfully, and plausibly**.

To the greatest extent possible, plaintiff's amended complaint must address the

deficiencies identified in this Opinion and Order and must:

1.      describe all relevant events, stating the facts that support plaintiff's case,

2.      provide all relevant details about the facility and any available points of access, including additional detail about how much and what type of parking is available in which parking lots and whether there exist other means of accessing the facility; and

3.      describe how each requested modification or accommodation would enable access for disabled individuals where that access is currently hindered or otherwise unavailable.

Essentially, the body of plaintiff's amended complaint must tell the Court:  whether accommodations exist at the facility that allow disabled individuals to access the facility, and if not, what accommodations would enable that access.  Furthermore, plaintiff must be specific about which entity she asserts claims against, whether it is the State of New York or the Department of Corrections and Community Supervision.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint.  Therefore, plaintiff must include in the amended complaint <u>all</u> information necessary for her claims.**  However, plaintiff is directed to include in her amended complaint <u>only</u> those facts and documents she believes plausibly support a claim for injunctive relief against DOCCS or the State under Title II of the ADA or Section 504 of the Rehabilitation Act.

12

## CONCLUSION

The motion to dismiss is GRANTED.  Plaintiff is granted leave to file an amended complaint in accordance with the instructions above.

Plaintiff shall file her amended complaint by no later than November 30, 2020, using the amended complaint form attached to this Opinion and Order.  **If plaintiff fails to file an amended complaint or seek additional time to do so by November 30, 2020, the Court will deem plaintiff to have abandoned this case, and will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the motion.  (Doc. #15).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 28, 2020
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

18 CV 11820 (VB)

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                 Middle Initial        Last Name

_____
Street Address

_____
County, City                          State              Zip Code

_____
Telephone Number                      Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

      First Name              Last Name

      _____

      Current Job Title (or other identifying information)

      _____

      Current Work Address (or other address where defendant may be served)

      _____

      County, City             State             Zip Code

Defendant 2: _____

      First Name               Last Name

      _____

      Current Job Title (or other identifying information)

      _____

      Current Work Address (or other address where defendant may be served)

      _____

      County, City             State             Zip Code

Defendant 3: _____

      First Name               Last Name

      _____

      Current Job Title (or other identifying information)

      _____

      Current Work Address (or other address where defendant may be served)

      _____

      County, City             State             Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7